ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Washington Mutual Bank, | ) | |
| | ) | CASE NO. 1:05CV2876 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| James Cade, *et al.*, | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Doc.7] |
| Defendants. | ) | |
| | ) | |

On December 14, 2005, this foreclosure action was initiated against Defendants. All parties, with the exception of Unknown Tenants, filed an answer to the Complaint. On January 24, 2006, Plaintiff Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic") filed a Motion for Summary Judgment against Defendants. On January 24, 2006, the note and mortgage, which are the subject of this action, were sold by Mortgage Electronic to Washington Mutual Bank. Mortgage Electronic then filed a motion with this Court to substitute party plaintiff requesting that it be terminated as the Plaintiff and that Washington Mutual Bank be substituted in its place. On February 24, 2006, this Court granted the motion. At this time, therefore, Washington Mutual Bank is the only named Plaintiff in this action.

Defendants filed an Opposition to the Motion for Summary Judgment. Defendants only claim as to why summary judgment would not be appropriate is that the party who originally filed the motion, Mortgage Electronic, has no standing to prosecute the action once they ceased to be a real party in interest. The Court finds no merit to this argument because it granted the motion to substitute Washington Mutual Bank as the Plaintiff and it was not added as a plaintiff.

Therefore, all filings made on behalf of Mortgage Electronic, upon substitution, became those filed on behalf of Washington Mutual Bank.

After the motion to substitute the party plaintiff was granted, the Court, upon motion, granted Defendants until March 6, 2006, to file an additional opposition to the motion for summary judgment.  This was not, however, filed.  Thus Defendants have failed to argue against the merits of Washington Mutual Bank's motion.  Therefore, the Court will look to the issues raised in the motions as being unopposed.  The Court, at a minimum, must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact.  *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).  It must intelligently and carefully review the legitimacy of the motion, considering the possibility of evidentiary misstatements by the moving party and keeping in mind the context in which the evidence arose.  Id.

Notwithstanding the foregoing, the Court properly relies on the facts provided by the moving party once it is satisfied that the movant has not misrepresented the facts as established by the record as a whole.  *Id.* at 404-09.  The Sixth Circuit has explained that nothing in the Federal Rules of Civil Procedure or case law supports an argument that the district court must conduct its own probing investigation of the record in order to discover an issue of material fact when a summary judgment motion is unopposed.  *Id.* at 405-06 (holding that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").  Thus, the Court is justified in relying on uncontested facts set forth in a summary judgment motion.  *Id.* at 404-09.

Here, the Court has reviewed the mortgage, note, and affidavit provided in support of the motion for summary judgment and finds that the Defendant Cade failed to make the required payments on the note.  Therefore, Washington Mutual Bank is rightly calling the note due as permitted by the mortgage agreement.  Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED.  Plaintiff is hereby ORDERED to provide the Court with a proposed JUDGMENT ENTRY within fourteen (14) days from the date of this Order.

     IT IS SO ORDERED.

| March 20, 2006 | *s/John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |